ANDREW C. WILSON

*v.*

TRUSTEES OF SCHOOLS.

*Filed at Springfield, January* 18, 1893.

1. SCIRE FACIAS — *to revive a judgment* — *writ stands as a declaration.* On *scire facias* to revive a judgment, the writ stands in the place of a declaration and must aver every material fact necessary to entitle the plaintiff to the judgment of revival asked for.

2. SAME — *to revive judgment in ejectment* — *of its allegations.* Where the allegations of a *scire facias* to revive a judgment in ejectment affirmatively show that the judgment sought to be revived, not only adjudged the plaintiff to be entitled to the possession of the premises, but also to be the owner thereof in fee simple; that the recovery was not for a term of years, but for the entire estate: that such judgment remained unexecuted, and that execution therein remained to be made to the plaintiff, the same will be sufficient to entitle the plaintiff to judgment of revival. The plaintiff need not allege that he has not parted with his title by conveyance.

3. A *scire facias* to revive a judgment in ejectment need not aver in terms that the title of the plaintiff has not expired, where the judgment recites that the recovery was for the fee simple title, and not for a term of years.

APPEAL from the Circuit Court of Calhoun county ; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. WITHERS & RAINEY, for the appellant.

Mr. E. A. PINERO and Mr. T. J. SELBY, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

To the October term of the Circuit Court of Calhoun county appellees sued out a writ of *scire facias* to revive a judgment in ejectment previously rendered in said court in their favor against appellant. On the return of the writ, appellant entered his motion to quash it, because it failed to aver that the title to the premises therein described " had not expired prior to the issuing of the writ." This motion was overruled and the defendant duly excepted, and elected to abide by his motion. The court thereupon heard the evidence offered by the plaintiffs and gave judgment in their favor, reviving the judgment as asked, and awarding them a writ of possession for the premises therein described. From that judgment this appeal is prosecuted.

The only question presented for our decision is, was the writ of *scire facias*, upon which said judgment was rendered, sufficient upon its face to entitle plaintiffs below to recover? Appellant's point is, as stated in his motion, that the writ is fatally defective, because it does not " aver and set forth that the title to the premises therein described, established by the plaintiffs at the trial of said ejectment suit, had not expired prior to the commencement of this proceeding."

It is well settled that a writ like this stands in the place of a declaration, and must aver every material fact necessary to entitle the plaintiff to the judgment of revival asked for.

Appellant insists that, under this rule, the writ in question is bad, for the reason above stated, and his counsel rely upon the case of *Smith* v. *Stevens*, 133 Ill. 192, to support this contention.

The writ in this case is materially different from the one held to be defective in that. There the recital was simply " of a judgment for one messuage, piece or parcel of land with no averment whatever as to the nature or extent of the estate established " by the judgment sought to be revived, and we held that, inasmuch as the recovery in ejectment is only for

the possession, the recital in that writ would apply as well to a recovery where the estate established was only for a term of years, as where it was for the fee. We expressly said, after quoting the averment to the effect that no execution upon said judgment had been made: "This by no means excluded the possibility that the recovery may have been only for a term of years, and that no portion of such term is yet to come." It also appears from the form of a writ to revive a judgment in ejectment there quoted from (Id.), that it is applicable only where the recovery is for a term of years, and not where the fee is found to be in the plaintiff. The writ in this case avers that, "at the October term of said court, 1879, the plaintiffs recovered a judgment against the defendant in an action of ejectment for the following piece or parcel of land (describing it), which said court found that said Andrew C. Wilson was guilty of unlawfully withholding; and the said court further found the fee simple title to said premises in the said plaintiffs. And said court further ordered that plaintiffs have a writ of possession for said premises. * * * And whereas said judgment remains in full force and effect, unreversed and unsatisfied, and no writ of possession has ever issued in conformity to the said order of court therein, and although said judgment was given as aforesaid, yet no execution upon said judgment hath ever been made, and that execution of said judgment still remains to be made to the plaintiffs." These allegations affirmatively show that the judgment sought to be revived, not only adjudged the plaintiffs to be entitled to the possession of certain premises, but also adjudged them to be the owners thereof in fee simple; that the recovery was not for a term of years, but for the entire estate; that such judgment remained unexecuted, and that execution thereof remained to be made to the plaintiffs. There was, therefore, no term recovered by them which could expire. True the plaintiffs might have conveyed the premises between the time of obtaining the judgment and suing out this writ, but we apprehend it will not be seriously

contended that they were required to negative such conveyance in order to entitle them to the relief asked. The facts averred in this writ clearly entitled the plaintiffs to the judgment of revival, in the absence of any showing to the contrary by the defendant, and the Circuit Court very properly overruled the motion to quash the writ.

Its judgment will be affirmed.

*Judgment affirmed.*